# Towns Law Firm

A Texas Professional Corporation
4851 Lyndon B Johnson Freeway, Suite 720
Dallas, Texas 75244
(t) 469.421.1500 | (f) 469.421.1505

Elizabeth H. Gebert direct: 469.421.1509
email: egebert@townslawfirm.com


October 14, 2026

***Via ECF***
The Honorable Ronnie Abrams
Southern District of New York

Re: **Defendants' Motion to Dismiss** – *Assure Global, LLC dba WeShield v. The Vertical Collective LLC et al.*, Case No. 25-cv-08231.

Judge Abrams:

At the October 7, 2026, hearing on Defendants' Motion to Dismiss ("Motion"), Dkt. 10, the Court instructed Defendants' counsel to inform the Court within seven days of Defendants' intent to pursue the Motion or, otherwise, their consent to this Court's jurisdiction over Plaintiff's claims.

As to the claims asserted against Defendant Katherine Zabloudil ("Zabloudil"), Zabloudil does not consent to personal jurisdiction in New York and asks the Court to grant the Motion as to the claims asserted against Zabloudil on the basis that the Court lacks personal jurisdiction as set forth in the Motion and outlined at the hearing.

As to the claims asserted against Defendant The Vertical Collective LLC ("TVC"), TVC consents to personal jurisdiction before this Court, but only for those portions of Plaintiff's claims which concern drones that stopped in New York. TVC does not consent to this Court's jurisdiction over the portions of Plaintiff's claims concerning drones which did not stop in New York on the basis of lack of personal jurisdiction.

Plaintiff's complaint alleges that three shipments of drones were delivered to Plaintiff's warehouse in Lawrence, New York, dated December 28, 2023; January 2, 2024; and January 4, 2024. This assertion mirrors Plaintiff's counsel's arguments at the October 7, 2026, hearing on Defendants' Motion.

Plaintiff's counsel also argued that these three shipments to New York constituted new, individual contracts rather than one continuous requirements contract. Plaintiff's categorization of

these three shipments as separate, individual contracts impacts the Court's jurisdiction over the portions of Plaintiff's claims against TVC which concern those shipments.

As outlined in Defendants' Motion and Reply, Dkt. 18, upon a motion to dismiss for lack of personal jurisdiction, the Court must determine whether jurisdiction is: (i) statutorily authorized; and (ii) consistent with constitutional due process requirements. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566–67 (2d Cir. 1996). Personal jurisdiction under New York's long-arm statute requires that a defendant "have purposefully availed itself of the privilege of conducting activities within the forum state by either transacting business in New York or contracting to supply goods or services in New York" and that the plaintiff's claim "arise from that business transaction or from the contract to supply goods or services." *Powerflex Solar, LLC v. Solar PV Pros, LLC*, 230 A.D. 834, 835 (App. Div. 3d Dep't 2024) (cleaned up). Here, none of the drones were intended for purchase or use in New York, and only three contracts requested shipment to New York as an intermediate stop for quality control purposes before they were to be sent to their ultimate destinations in Poland.

Under Plaintiff's own characterization of the shipments to New York as separate, individual contracts, the Court lacks jurisdiction over all shipments which did not arrive in New York on the basis that the portions of Plaintiff's claims pertaining to those non-New York shipments (which constitute the majority of Plaintiff's damage model) did not "arise from" the same contract as those which were shipped to New York. *Id.* In other words, as Plaintiff asserts that each shipment constitutes a new contract, Plaintiff's claims pertaining to the New York shipments may be severed from the claims pertaining to the Poland shipments. The result of such a conclusion would be to dismiss the portions of Plaintiff's claims against TVC which concern the Poland shipments for lack of personal jurisdiction and maintain the portions of Plaintiff's claims against TVC which concern the New York shipments.

Defendants maintain that the Court lacks personal jurisdiction over all claims in this suit, particularly with respect to those claims asserted against Zabloudil. However, TVC will consent to this Court's jurisdiction over Plaintiff's claims against TVC only as to the portions of those claims relating to the New York shipments. All other claims should be dismissed for lack of personal jurisdiction.

Thank you for your attention to this matter. All counsel of record will receive a copy of this letter upon its electronic filing.

Respectfully submitted,

*/s/ Elizabeth H. Gebert*
Elizabeth H. Gebert, *pro hac vice*
Texas Bar No. 24125264
Counsel for Defendants